467 P.2d 414

Robert E. SIMMONS, Charrie Brennan, David A. Williams, Louie A. Short, Patricia L. Castillo, Beth L. Hurst, and Jay Ezra Rea, Plaintiffs and Respondents,

v.

STATE of Utah, DEPARTMENT OF PUBLIC SAFETY, Financial Responsibility Division, Defendant and Appellant.

No. 11771.

Supreme Court of Utah.

April 1, 1970.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for appellant.

David S. Dolowitz, Salt Lake City, for respondents.

ELLETT, Justice.

This is a consolidated appeal brought by the defendant from separate judgments rendered in the District Court setting aside orders of suspension of the driving licenses of the various plaintiffs herein. Each case has practically the same factual background, and we will, therefore, discuss the case of plaintiff Brennan, as it is typical of the others.

Her accident occurred on October 7, 1968. Two days later the driver of the other car

filed a written report with the defendant in which she stated that her car was a 1966 Chevrolet Sport Van Custom, that the left rear side and complete right side were damaged, and that the cost of repair was estimated to be $550. The investigating officer filed his report on October 7, 1968, wherein he reported that the left front half of the Brennan car was damaged, and he estimated it would cost $250 to repair it. He further reported that the Chevrolet was damaged in the left rear and right side, and he estimated the cost of repair to that car as being $400.

Section 41–6–35, U.C.A.1953, as amended, requires the driver of a motor vehicle involved in an accident to file a report regarding that accident within five days after its occurrence when personal injuries or damages in the amount of $100 or more result. It further requires the investigating officer to file a report within 24 hours after completing his investigation. Subsection (b) of that statute reads as follows:

The department may require any driver of a vehicle involved in an accident of which report must be made as provided in this section to file supplemental reports whenever the original report is insufficient in the opinion of the department and may require witnesses of accidents to render reports to the department.

The contents of the required reports are set out in Section 41–12–4, U.C.A.1953, as follows:

Report of accident required by section 41–6–35, Utah Code Annotated 1953, as amended, shall contain information to enable the commission to determine whether requirements for deposit of security under section 41–12–5 are inapplicable by reason of the existence of insurance or other exceptions specified in this act. *The commission may rely upon the accuracy of the information unless and until it has reason to believe that the information is erroneous.* If such operator be physically incapable of making such report, the owner of the motor vehicle involved in such accident shall, within ten days after learning of the accident, make such report. The operator or the owner shall furnish such additional relevant information as the commission shall require. [Emphasis added.]

Thus the filed reports are evidence upon which the defendant herein may rely in determining the need for and the amount of security to be posted. In fact, the next section, to wit, 41–12–5, U.C.A.1953, requires the commission to determine the amount of security deposit upon the basis of the reports filed *or* upon other evidence. It does not require the determination to be made upon the basis of the reports *and* other evidence. It is thus evident that in each of the cases herein consolidated the defendant had ample authority to fix the

amount of security to be posted as a condition of continued driving privileges.

The plaintiffs claim that some other proof should have been submitted by the injured driver to the commission within 50 days of the accident and claim that the next to the last sentence of Section 41–12–5 above requires it, and unless this additional proof is given, they claim they are not required to post any security at all.

That sentence was added as an amendment in 1953 and reads as follows:

> The commission shall determine the amount of security deposit upon the basis of the reports or other evidence submitted to it but shall not require a deposit of security *for the benefit of any person* when evidence has not been submitted by such person or on his behalf as to the extent of his injuries or the damage to his property within fifty (50) days following the date of accident. [Emphasis added.]

The italicized portion of the sentence indicates that someone other than the driver may also be able to satisfy any judgment recovered by him from the security posted but only if such other person files his proof within 50 days from the accident. These other people, such as passengers in the car, pedestrians, and nondriving owners, are not *required* by the statute to file a report, but if they are to take advantage of the security, they must file proof of their damage within 50 days. The question of whether the proof offered by way of reports which are required to be filed satisfies the commission is a question for the commission to determine. In none of the cases involving the plaintiffs herein did the commission require or ask for any further proof, and the plaintiffs are in no position to complain because the injured parties were not called upon to offer additional proof.

In each of these cases other persons in addition to the plaintiffs herein have presented evidence upon which a determination can be made by the defendant, and the same was presented well within the 50 days required by law. The judgment of the lower court is reversed, and the order made by the defendant is affirmed.

CROCKETT, C. J., concurs.

CALLISTER, J., concurs in the result.

TUCKETT, Justice (dissenting).

I dissent. The action of the Department in suspending the plaintiffs' driver's licenses was taken pursuant to the provisions of Chapter XII, Title 41, U.C.A.1953, which is known as the Safety Responsibility Act. Prior to 1953, Section 41–12–5(a) provided as follows:

Section 5. Commission May Require Security.

(a) If twenty days after the receipt of a report of a motor vehicle accident with-

in this state which has resulted in bodily injury or death, or damage to the property of any one person in excess of $100, the commission does not have on file evidence satisfactory to it that the person who would otherwise be required to file security under subsection (b) of this section has been released from liability, or has been finally adjudicated not to be liable, or has executed a duly acknowledged written agreement providing for the payment of an agreed amount in installments with respect to all claims for injuries or damages resulting from the accident, the commission shall determine the amount of security which shall be sufficient in its judgment to satisfy any judgment or judgments for damages resulting from such accident as may be recovered against each operator or owner.

In 1953 the legislature amended the section above referred to by adding at the end thereof the following:

The commission shall determine the amount of security deposited upon the basis of the reports or other evidence submitted to it but shall not require a deposit of security for the benefit of any person when evidence has not been submitted by such person or on his behalf as to the extent of his injuries or damage to his property within fifty (50) days following the day of accident. For purposes of this chapter a driver shall not be required to deposit security on behalf of his spouse or his minor child.

The trial court concluded that the amendment indicated a legislative intent that the requirement of security by an uninsured driver was for the benefit of a person who suffered injuries or damage rather than the public at large. The court further concluded that to suspend the license of a driver when the injured party manifested no intent to seek compensation for his injuries or damage by filing evidence with the Department served no useful or public purpose. The court also found that the persons injured as a result of automobile accidents in which the plaintiffs were involved had failed to submit the required evidence to the Department within the 50-day period and that under the statute no deposit of security should have been required of the plaintiffs, and that their licenses were not subject to revocation or suspension.

A number of states have adopted motor vehicle safety responsibility acts. The language of these acts is more or less uniform. The decisions of courts of other states generally state that the purpose of these acts is for the benefit of the public generally by decreasing the perils of highway travel.[1] I agree with the general pur-

---

1. Agee v. Kansas Highway Comm. Motor Vehicle Dept., 198 Kan. 173, 422 P.2d 949.

pose of the act before us, but it would appear that the legislature by its adoption of the 1953 amendment added an additional element not found in the statutes of other states to the effect that one who seeks the assistance of the statute must help himself by furnishing to the Department information as to his injuries or damage.

I cannot agree that the amendment above referred to was intended to apply only to passengers, nondriving owners and bystanders. Had the legislature so intended I am sure that body had sufficient command of the mother tongue to have so stated.

I would affirm.

HENRIOD, Justice (dissenting).

I cannot agree with the construction placed on the subject legislation by the main opinion wherein it is asserted that the 50-day period for filing evidence of the extent of damage, etc., applies to "someone other than the driver" such as passengers in the car, pedestrians and nondriving owners. This contention is the only basis that justifies the conclusion of the main opinion. I think that such contention is completely refuted in reason and logic by the memorandum opinion of the trial court and the observations of counsel for respondents, portions of each of which are set forth below, which, in my opinion, call for an affirmance of the trial court:

The plaintiff in each case contends that since the person for whose benefit a deposit of security is required did not submit evidence as to the extent of his injuries or the damage to his property within 50 days following the date of accident, as provided in Section 41–12–5, no deposit of security by each or any plaintiff is required and the orders of suspension should not therefore have been entered. The defendant contends in each case that such additional evidence was not required and the department was justified in basing its suspension order on the reports then before it.

The reports required to be filed by each driver under Section 41–6–35 must be filed within five days and that required of the investigating officer within 24 hours. Section 41–6–37(c) requires that every such report shall contain, among other things, information sufficient to enable the department to determine whether the requirements for the deposits of security under any of the laws of the state are inapplicable by reason of the existence of insurance or other exceptions specified in the laws. The requirement here is to show whether the driver filing the report falls within any of the categories rendering inapplicable the laws requiring the filing of security. The requirement is not to establish that the other driver has a responsibility to file security.

The question then arises as to when the requirements for the deposit of security under any of the laws are inapplicable. From an analysis of the statutes it is apparent that the laws requiring the deposit of security are inapplicable under at least the following circumstances:

1. To the operator or owner of a car involved in an accident wherein no injury or damage was caused to anyone other than such owner or operator. (such as in a one-car accident) Sec. 41–12–6(1))

2. To the operator or owner of a car legally parked at time of the accident. (Sec. 41–12–6(2).

3. To owner if at time of the accident his car was being operated or parked without his permission, express or implied. (such as where the car is stolen) (Sec. 41–12–6(3))

4. To driver of emergency vehicle acting in line of duty at the time of the accident. (such as an ambulance) (Sec. 41–12–6(5))

5. To driver of a car owned by a government or political entity if being driven with the permission of owner. (Sec. 41–12–6(6)

6. To operator or owner of a motor vehicle legally stopped at a stop sign, traffic signal or at the direction of a traffic officer at the time of the accident. (Sec. 41–12–6(7)

7. To an operator or owner if such owner had a liability policy then in effect with respect to such car. (Sec. 41–12–5(c) (1)

8. To non-owner operator if there was in effect at the time of the accident a liability policy with respect to his operation of such vehicle. (Sec. 41–12–5(c) (2))

9. To owner or operator if commission believes in its judgment that liability is covered by any other form of insurance. (Sec. 41–12–5(c) (3))

10. To a person qualifying as a self insurer, under 41–12–34 or to any person operating vehicle for such self insurer. (Sec. 41–12–5(c) (4))

11. If prior to suspension there shall be filed with the commission evidence satisfactory to it that the person who would otherwise have to file security has been released from liability or been finally adjudicated not to be liable or has executed a duly acknowledged written agreement providing for the payment of an agreed amount in installments, with respect to all claims for injuries or damages resulting from the accident. (Sections 41–12–5(a) and 41–12–6(4))

12. When evidence has not been submitted by the person for whose benefit security is required or on his behalf, as to the extent of his injur-

ies or the damage to his property within fifty days following the date of the accident. (Section 41–12–5(a))

As already noted, it is the last item that is involved in the issues in these cases. With further respect thereto, it is noted that Section 41–12–5(a) clearly states that if 20 days after the receipt of a report of a motor vehicle accident within the state which has resulted in injury or death, or damage to the property of any one person in excess of $100.-00, the commission *does not have on file* evidence satisfactory to it that a person who would otherwise be required to file security (that is, those who do not fall in categories 1 to 10 above) has been released for reasons set forth in 11 above, then *in that event,* the commission *shall determine* the amount of security which shall be sufficient in its judgment to satisfy any judgment or judgments for damages resulting from such accident as may be recovered against each operator or owner. This determination may be made upon the basis of the reports (by driver or officer or garage or doctor) submitted to it. *However,* the statute clearly provides that even when such determination is made, the commission *shall not require a deposit* of security for the benefit of any person when evidence has not been submitted by such person or on his behalf as to the extent of his injuries or the damage to his property within 50 days following the date of the accident.

Under Section 41–12–5(b) the suspension lies only if the driver or owner fails to deposit the security required to be filed in the sum so *determined* by the commission. Since, as set forth in the preceding paragraph, the deposit of security *shall not be required* by the commission unless evidence has been submitted within the 50 day period by the injured person or on his behalf, it seems clear to me that suspension will not lie until such evidence is submitted within the 50 day period.

This requires, in my opinion, something more than the filing by the injured person of the Section 41–6–35 report, for that report must be filed within five days, and if that was all that was intended by the legislature to be filed by the injured party, no further evidence would be required within the 50 day period. The statutes relating to this five-day report do not require the setting forth of information from which the commission is to determine the amount of security to be filed by another driver.

Since the question of liability is not to be first determined by the commission before the requirement for filing security as determined by the commission arises, it seems to me that by the evidence-within-50-days requirement, the legislature intended that if the injured party intended

to hold the other driver responsible for injuries or damage, such injured party must make some affirmative showing that he so intended by coming forward and filing with the department evidence as to the extent of his injuries, and that it was not the legislative intent that, absent such filing by or on behalf of the injured party, the commission could or should go ahead and collect such evidence on its own initiative. It would do well, instead, to advise the respective drivers of the 50-day filing requirement.

Even if an injured party concluded within 60 days after the accident that his own fault caused the accident, all of the reports and information collected by the commission would be on hand from which a determination of damage might be made. To then say that even though the injured party did not intend to seek recovery for his damages, the commission can nevertheless require security and suspend a license if not filed, seems grossly unfair.

The requirement of security is for the benefit of the injured driver, not the public, and to suspend the license of a driver when the other party manifests no intent to seek recompense for his injuries by filing evidence serves no useful or public purpose.

It is, therefore, my opinion that since, in the record before me, none of the other parties involved in the accident filed the required evidence within the 50-day period, no security was required to be filed by the plaintiffs, their licenses were not subject to revocation, and the orders suspending the same were invalid and contrary to law.

Counsel for respondents has this to say, which appears to be apropos.

In addition to this parallel statutory scheme, there is the consideration of the problem of the non-liable (unresponsible) uninsured motorist who has been involved in an accident.[2] If the Commission has the power to, or is required to, follow up receipt of the accident reports with a subsequent determination of damages and with an order to the uninsured driver to deposit the security or suffer suspension of driving privileges without requiring affirmative action by the injured party, great injustices could be done. A responsible, but insured motorist is thereby empowered to compound the injury to, and to add to the pressure upon, the uninsured motorist to force an insufficient settlement because the State is assisting him to do so. In fact, this did happen in two of the cases brought in the instant matter: David A. Williams #195,587

[2]. The issue of whether or not the Commission has the power to decline to issue an order where it determines that an uninsured motorist is not liable is not before the Court and will not be pursued here.

and Douglas Z. Bjorkman #186,415 (not appealed). Each of these men were struck by an uninsured motorist in such a way that there was no question, upon examining the facts, that the insured motorist was the liable party.[3] In each of these cases, the insurance company for the insured motorist used the order of the Commission to help attempt to force an unsatisfactory settlement on the uninsured motorist. In each case, they refused to give releases of liability until such time as a final settlement was made. As a result, but for the action of Judge Croft in this matter, each of these innocent but uninsured parties would have lost their driver's license in addition to the burden of the accident. Such an unfair result could not be intended by the legislature.

Examination of these facts indicates that contrary to the *proposition of the appellant* (App.Br. pp. 7–9), the action of the Commission under the construction of Section 41–12–5, Utah Code Annotated 1953, propounded by the State, would, in fact effectuate injustice. This is accentuated when one contemplates the consequences of requiring the affirmative act of submitting affirmative evidence before the Commission is empowered to issue an appropriate order. If an insured driver were to go to the Commission and submit proof of his injuries when *he* was the party really responsible for the accident and its consequences, he would open himself to additional liability for the economic loss to the uninsured party for that party's loss of his driving privileges in addition to the liability for personal injuries, etc.

---

3. Williams was struck by a driver who ran a red light and Bjorkman was struck by a driver making an illegal left turn.